**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FLORIBERTO MIGUEL MIGUEL-
LOPEZ, AKA Floriberto Miguel Lopez,

Petitioner,

v.

TODD BLANCHE, Acting Attorney
General,

Respondent.

No.   20-70816

Agency No. A088-660-161

MEMORANDUM[*]

Appeal from the Board of Immigration Appeals
Argued and Submitted March 12, 2026
Portland, Oregon

Before: COLLINS and LEE, Circuit Judges, and FITZWATER,[**] District Judge.

Floriberto Miguel Lopez ("Miguel Lopez") petitions for review of the Board

of Immigration Appeals' ("BIA's") order affirming the immigration judge's ("IJ's")

denial of his applications for asylum, withholding of removal, and protection under

the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C.

§ 1252, and we deny the petition.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Sidney A. Fitzwater, United States District Judge for the
Northern District of Texas, sitting by designation.

1.  "Where, as here, the BIA agrees with the IJ['s] decision and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027–28 (9th Cir. 2019). We review legal questions *de novo* and factual determinations for substantial evidence. *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022).

2.  To establish eligibility for asylum or withholding of removal, an applicant must show a "nexus" between past or feared future harm and "a protected ground," *Umana-Escobar v. Garland*, 69 F.4th 544, 551 (9th Cir. 2023), and "membership in a particular social group" is one such protected ground, 8 U.S.C. § 1101(a)(42)(A); *see also id.* § 1231(b)(3)(A). Substantial evidence supports the agency's conclusion that Miguel Lopez failed to establish a nexus between his past or feared future mistreatment and his proposed particular social group of "Indigenous Mexican men with children living in rural areas, who oppose violent cartels."[1] Specifically, the agency reasonably concluded that, because "evidence that he was targeted due to being indigenous was lacking in the record," Miguel Lopez's past harms were not motivated by any protected ground and his feared future harms only "relate[] to 'general lawlessness and criminal activity of gangs in Mexico'" and not to his

---

[1] Even if we were to consider, as the agency did, the broader articulation of Miguel Lopez's particular social group, "Indigenous Mexican men," our conclusion regarding nexus would remain the same.

particular social group.  Although Miguel Lopez points to evidence that he contends shows that the Los Zetas cartel has sought to displace indigenous people from their lands and to force them to work for the cartel, this evidence does not compel a conclusion contrary to the agency's.  Miguel Lopez's evidence regarding his encounters with Los Zetas is consistent with the agency's conclusion that the gang's overall behavior reflects general lawlessness not motivated by a protected ground. *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (citing *Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004)).[2]

3.  Substantial evidence also supports the BIA's denial of Miguel Lopez's application for CAT protection.  The BIA affirmed the IJ's conclusion that Miguel Lopez failed to establish that "any future harm he would experience in Mexico would [be] by or with the consent or acquiescence . . . of a government official."  Miguel Lopez's generalized country conditions evidence, which largely details the Mexican government's ineffectiveness in curtailing cartel activity, is insufficient to compel a conclusion to the contrary.  *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th

---

[2] Because the agency's finding that Miguel Lopez had "not shown any nexus whatsoever" to a protected ground is dispositive of both his claims for asylum and for withholding of removal, *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1018 (9th Cir. 2023) (emphasis omitted), we need not consider whether the BIA erred in determining that his asylum application was untimely.  *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam) ("As a general rule courts . . . are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

Cir. 2010) ("[G]eneralized evidence of violence and crime . . . is not particular . . . and is insufficient to meet [the CAT] standard."); *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014) (explaining that a "general[] ineffective[ness] in preventing or investigating criminal activities" is insufficient to establish a likelihood of government consent or acquiescence). We therefore decline to disturb the BIA's conclusion with respect to CAT protection.

4. Miguel Lopez has not established that his due process rights were violated at his removal hearing. Although both parties acknowledge that technical glitches occurred, Miguel Lopez has neither identified nor established how they prejudiced him to such an extent as to affect the outcome of the proceeding. *Cruz v. Bondi*, 146 F.4th 730, 742 (9th Cir. 2025) ("Whether a particular video-conference hearing violates due process must be determined on a case-by-case basis, depending on the degree of interference with the full and fair presentation of petitioner's case caused by the video conference, and on the degree of prejudice suffered by the petitioner." (citation omitted)). Accordingly, his due process claim fails.

5. Even assuming that the BIA erred in failing to address Miguel Lopez's motion to terminate for lack of jurisdiction, any such error would be harmless. Although Miguel Lopez's Notice to Appear ("NTA") lacked the statutorily required date and time, 8 U.S.C. § 1229(a)(1)(G)(i), this requirement "chiefly concerns the

notice the government must provide noncitizens regarding their removal proceedings, not the authority of immigration courts to conduct those proceedings." *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1192 (9th Cir. 2022) (en banc); *see also Karingithi v. Whitaker*, 913 F.3d 1158, 1160–61 (9th Cir. 2019) (explaining that § 1229(a) does not discuss jurisdiction, only the notice necessary to trigger the "stop-time" rule). Miguel Lopez's NTA argument "sound[s] exclusively in jurisdiction" and is therefore foreclosed by our precedent. *Suate-Orellana v. Garland*, 101 F.4th 624, 630 (9th Cir. 2024) (quoting *Umana-Escobar*, 69 F.4th at 550). Moreover, Miguel Lopez, who was represented by counsel, was able to fully present his case, and he has therefore failed to demonstrate that he suffered prejudice.

**PETITION DENIED**.